B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Gustave Kozarzewski, Jr.**                                           Case No.   **15-82570**
Debtor(s)                                                                      Chapter    **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ **3,000.00** |
   | Prior to the filing of this statement I have received | $ **1,000.00** |
   | Balance Due | $ **2,000.00** |

2. The source of the compensation paid to me was:

   ■ Debtor     ☐ Other (specify):

3. The source of compensation to be paid to me is:

   ■ Debtor     ☐ Other (specify):

4. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   b. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   c. [Other provisions as needed]
      **all items identified in the engagement letter.**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **excludes all items not specifically included in the engagement letter.**

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**January 8, 2016**                           **/s/ Michael N. Oreluk, Associate**
*Date*                                        **Michael N. Oreluk, Associate**
                                              *Signature of Attorney*
                                              **Schaller Law Firm, P.C.**
                                              **Oak Brook Pointe**
                                              **700 Commerce Drive, Suite 500**
                                              **Oak Brook, IL 60523**
                                              **630-655-1233**
                                              *Name of law firm*

---

# SCHALLER LAW FIRM, P.C.
*ATTORNEYS AT LAW*

700 Commerce Drive
Suite 500
Oak Brook, IL  60523

tel:    630-655-1233
email: Oreluk@SchallerLawFirm.com
web: www.SchallerLawFirm.com

## ENGAGEMENT LETTER

December 28, 2015

Gustave & Dana Kozarzewski
10680 Painted Desert Court
Huntley, IL  60142

Dear Gustave & Dana:

PLEASE READ THIS DOCUMENT CAREFULLY 3 TIMES.  DO NOT SIGN IF YOU HAVE QUESTIONS.  We would be delighted to explain this document to you again if you have questions.

My policy at the outset of a new engagement is to outline not only the nature of the project, but also the basis on which I will provide legal services and bill for them.

1.  Limited Scope of Engagement: You have engaged the Schaller Law Firm, P.C. (the "Firm") on a limited scope engagement relating to your bankruptcy case 15-82570 filed on October 13, 2015 with attorney Michael Oreluk being the primary attorney assigned to the representation. The Firm represents only you, the signors of this engagement letter. The Firm does not represent any intended beneficiary. The Firm's representation is limited to the services outlined below; you continue to be represented by separate counsel Michele Aiken of Aiken & Aiken, LLC on all other bankruptcy matters. The scope of the Firm's representation is limited to the following: representing you regarding the Rule 2004 examination to be conducted by the US. Trustee pursuant to the Court's December 9, 2015 order and the related Subpoena for Rule 2004 Examination. This representation shall include: the production of documents requested in the subpoena; legal advice; request for continuance of the document production deadline; request for continuance of the Rule 2004 Examination date; file a motion requesting the deadline for determining dischargeability be extended for the US Trustee if the US Trustee requires such a motion as a condition to extending the deadline(s); and representation at the Rule 2004 examination.

2.  Outside Scope of Engagement: Among other things, you have not engaged the Firm to represent you in any (a) adversary proceeding, including the adversary filed by Consumers Credit Union, 15-96056; (b) appeal of any court order; and (c) any matter relating to the underlying bankruptcy case 15-82570 other than the Rule 2004 examination to be conducted by the US Trustee.

3.  Fees: You agree to pay the Firm a flat fee of $3,000 for the services identified in Paragraph No. 1, plus costs. The first payment of $1,000 shall be paid on 12/28/15. The second payment of $750 shall be paid on or before 1/11/16; and the final payment of $1,250 shall be paid on or before 1/25/16. If the Firm is required to itemize the work by the bankruptcy court, then you agree the following hourly rates are fair and reasonable for the services performed: Robert Schaller shall be paid $495 per hour and all other attorneys shall be paid $350 per hour. You understand that this hourly rate is higher than the amount most attorneys charge; however, you believe Attorney Schaller possesses greater skill and talent than most attorneys and you accept the $495 hourly rate as fair and reasonable. Non-attorneys, if any, shall be paid $100 per hour.

4.  Retainer/Payments: Any retainer/payments received by the Firm shall be treated as an advance payment, allowing the Firm to take the retainer into income immediately. The reason for this treatment is that the project shall be of a fixed duration and no refunds shall be given without court order.

5.  Withdrawing at Attorney: Failure to cooperate with the Firm allows the firm to withdraw as your attorney.  You must promptly tender the documents identified to the subpoena, meet with the Firm in the Firm's Oak Brook office, and attend the Rule 2004 examination, among other things. In addition, failure to make the legal payments identified above on a timely basis allows the Firm to withdraw as your attorney.

BY SIGNING BELOW YOU ARE WARRANTING THAT (1) YOU HAVE READ THIS AGREEMENT THREE TIMES AND FULLY UNDERSTAND ALL TERMS AND OBLIGATIONS, AND (2) YOU HAVE RETAINED A COPY OF THIS LETTER AGREEMENT FOR YOUR RECORDS.

Signed: _____    Print Name: Dana Kozarzewski

Gustave S Kozarzewski